PER CURIAM.
On the Friday eve before a Monday morning trial, petitioners sought emergency relief in the nature of a stay of trial, pending review of a petition for writ of certiorari filed simultaneously. In an order issued earlier, this court denied both the emergency motion for stay and the petition for writ of certiorari advising that an opinion would follow.
From the scarce record provided, it appears that petitioners are defendants in a pending foreclosure action in which they are also counterclaimants against Dale Sor-ensen Real Estate, Inc. The latter company noticed the deposition duces tecum of petitioners’ former attorney at the closing on the foreclosure property. After objections on the grounds of attorney-client privilege, former counsel was ordered by the trial court on October 3, 1990 to appear for an in camera examination.
The petition for writ of certiorari purports to challenge the order of October 3, 1990 in which the trial court directed petitioners to effect a limited waiver of their attorney-client privilege regarding a telephone conversation between petitioner Claudia DeGennaro and her former attorney. The order also directed production of. a document said to be an internal telephone memorandum of DeGennaro’s former counsel. Petitioners, over objection, did effect the limited waiver, and former counsel was deposed.
Petitioners did not immediately seek certiorari review of the October 3, 1990, order and stay of its execution before the deposition of former counsel. Instead, they waited until two days later, after the deposition took place, and indeed on the eve of trial, to seek certiorari relief and stay of trial. As such, they appear to be trying to “unring the bell” which has already rung by virtue of the deposition having taken place. Thus, the petition is moot.
Furthermore, petitioners seek a ruling concerning the future admissibility of testimony at trial. Petitioners want this court to bar use of the discovered information at trial on the grounds that the deposition testimony already given may have an impact on the effect of petitioners’ future cross examination of former counsel during trial. Such relief cannot be considered in a petition for writ of certiorari challenging the earlier discovery order, where the discovery already has been produced. Questions of admissibility remain to be resolved by the trial court.
CERTIORARI DENIED.
DOWNEY, GLICKSTEIN and GUNTHER, JJ., concur.